IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | CR. NO. 04-0363 SOM |
| ) | |
| Plaintiff,           ) | DECLARATION OF COUNSEL |
| ) | |
| vs.           ) | |
| ) | |
| SCOTT WILLIAM STADNISKY,           ) | |
| ) | |
| Defendant.           ) | |
| ) | |

DECLARATION OF COUNSEL

I, WILLIAM A. HARRISON, hereby declare as follows:

1. That I am counsel for Defendant SCOTT WILLIAM STADNISKY, in the above-referenced case;

2. That the facts set out in the attached memorandum are true and correct to the best of my knowledge and belief;

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: Honolulu, Hawaii, January 23, 2006.

Law Offices Of:
HARRISON & MATSUOKA

_____
WILLIAM A. HARRISON

## I.  STATEMENT OF FACTS

The government intends to introduce 404(b) evidence of a telephone conversation Defendant had with his **California State Parole Office**r during the alleged conspiracy in this case. The government seeks to admit this evidence **allegedly** for **identification purposes.**

## II.  ANY EVIDENCE OF DEFENDANT'S PAROLE STATUS IS IN EFFECT TANTAMOUNT TO A PRIOR CRIME OR BAD ACT THUS SHOULD NOT BE ADMITTED UNDER RULE 404(b)

Federal Rules of Evidence 404(b) provides:

> **Other crimes, wrongs, or acts.**  Evidence of other crimes, wrongs, or acts are not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) of the Federal Rules of Evidence restates the long-settled principal that evidence of prior or subsequent bad acts or crimes cannot be admitted when the sole relevancy is to show disposition to commit crimes or to commit a particular kind of crime which Defendant is charged. See, e.g., Michelson v. United States, 335 U.S. 469, 475-76 (1948); United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977), cert. denied, 435 U.S. 1000 (1979). While other acts of evidence is not admissible to show that a Defendant had a bad character or a propensity to commit the crime in issue, the second sentence of Rule 404(b) recognizes that evidence of other crimes may, however, be admissible for other relevant purposes. However, before evidence of prior bad conduct may be admitted, certain prerequisites must be met:  1) the evidence must be introduced to prove an element of the charged offense that is

6

a material issue in the case; 2) the evidence that the Defendant committed a prior bad act must be established by sufficient evidence; and 3) there must be a substantial need for the probative value of the evidence of other crimes. Once these prerequisites have been established, the evidence is admissible only if the court determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Federal Rule of Evidence 403(b). See, United States v. Bailleaux, 685 F.2d at 1109-10; United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976), cert. denied, 429 U.S. 1111 (1977). United States v. Meyers, 550 F.2d 1036, 1044 (5th Cir. 1977), cert. denied, 439 U.S. 847 (1978).

### A.   ISSUE OF RELEVANCY.

The first prerequisite for the admissibility of prior bad act evidence is that it is relevant to prove a material issue in the case. To be relevant, the evidence sought to be admitted must tend to make the existence of some fact that is of consequence to the determination of the action either more or less probable than it would be without the evidence. Federal Rule of Evidence, Rule 401; See, United States v. Guerrero, 650 F.2d 728, 733 (5th Cir. 1981). Not only must the government show this but the government has the burden of showing how the proffered evidence is relevant to one or more issues in the case. United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982). As the Ninth Circuit has made it very clear, the government must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from

7

UNITED STATES OF AMERICA v. SCOTT WILLIAM STADNISKY; CR. NO. 04-0336SOM; **Notice of Motion to Exclude Other Crimes Wrongs and Acts**

the other acts or evidence". Id at 830. In the case at bar, the government has failed to do so.

The government supplied notice of its intent to introduce the above evidence on January 19, 2006. The government had not previously filed its notice of intent to use prior acts, prior convictions and other bad acts pursuant to Federal Rule of Evidence 404(b) and the final pretrial order in this case.

That is the extent of the government's notice. We would submit that the government has failed to properly meet its first burden that of "articulating precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts or evidence."

### B. THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT.

Assuming the government meets the judicial requirement of relevancy at the hearing on this issue, the court must still weigh the probative value of the evidence against the prejudicial impact such evidence would have on the jury.

When the effect on the jury of non-probative aspect of the evidence is likely to be substantially greater than the effect of the probative aspect, the evidence should be excluded under Rule 403. United States v. Bailleaux, 685 F.2d at 1111. Thus, even though introduction of a prior subsequent similar act may in fact be relevant, it nevertheless must be excluded under Federal Rule 403 if its probative value is substantially outweighed by possible prejudice to the Defendant, e.g., U.S. v. Alfonso, 759 F2d 728 (9th Cir. 1985); U.S. v. Bernal, 719 F2d 1475 (9th Cir. 1983); U.S. v. Mehrmanesh, 689 F2d 822 (9th Cir. 1982); United States v. Green, 648 F.2d 587, 592 (9th Cir. 1981); United States v. Bettencourt, 614 F.2d 214, 216 (9th Cir. 1980).

8

UNITED STATES OF AMERICA v. SCOTT WILLIAM STADNISKY; CR. NO. 04-0336SOM; **Notice of Motion to Exclude Other Crimes Wrongs and Acts**

The possibility of substantive prejudice in this case clearly outweighs whatever little probative value the evidence of the previous criminal activity might have. "Even when evidence of . . . misconduct is not prohibited by Rule 404(b), it remains potentially prejudicial. This is especially true with the prior act ... because a jury is likely to infer that, having once committed a crime, the Defendant is likely to do it again." United States v. Bejar-Matrecios, 618 F.2d 81, 84 (9th Cir. 1980). [emphasis added] See, United States v. Calhoun, 604 F.2d 1216 (9th Cir. 1979) (admission of evidence connecting "bait bills" taken in robbery of a different bank robbery for which defendant had not been charged was improper and prejudicial).

In the present case, the government seeks to introduce evidence of uncharged acts, which a jury might utilize the evidence for an improper purpose. The introduction of such evidence becomes prejudicial because it provokes an emotional response in the jury or otherwise adversely affects the jury's attitudes towards the Defendant apart from the guilt or the innocence of the crime charged. Jurors, no matter how conscientious, may find it difficult to compartmentalize the mental processes and consider the only probative aspect while disregarding the fact that Defendant has a **bad character**. Thus, balanced against the minimum probative value of the fact that Defendant was on parole is a substantial, perhaps inevitable, prejudicial impact of such evidence for the jury. Even though carefully instructed, jurors are likely to regard such evidence of these acts as proof of a Defendant's propensity **to commit crimes** and to conclude that he acted consistently with that character at the time charged in the Indictment. Thus, this court should exercise his discretion in excluding the other act evidence in this case.

9

UNITED STATES OF AMERICA v. SCOTT WILLIAM STADNISKY; CR. NO. 04-0336SOM; **Notice of Motion to Exclude Other Crimes Wrongs and Acts**

### III. **CONCLUSION**

As Defendant has shown the government has failed to articulate precisely the evidentiary hypothesis by which the evidence offered to be admitted is of consequence. Hence, the government has failed to show that it has met the required threshold of relevancy. Moreover and more importantly on balance, the prejudicial impact of such evidence on the jury of the non-probative aspect of the evidence is likely to be substantially greater than the effect of the probative aspect. Accordingly, Defendant respectfully requests the court exercise its discretion [which will not be disturbed absent abuse, United States v. Green, 648 F.2d at 592] and exclude the other bad act evidence from introduction in this case.

Dated: Honolulu, Hawaii, January 23, 2006.

Law Offices Of:
HARRISON & MATSUOKA

_____
WILLIAM A. HARRISON
Counsel for Defendant
SCOTT WILLIAM STADNISKY

10

UNITED STATES OF AMERICA v. SCOTT WILLIAM STADNISKY; CR. NO. 04-0336SOM; **Notice of Motion to Exclude Other Crimes Wrongs and Acts**